UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RYAN ALEXANDER SIMPSON, *et al.*, | Case No. 2:19-cv-00568-RFB-GWF |
| Petitioners/Plaintiffs, | **ORDER** |
| v. | |
| WILLIAM BARR, *et al.*, | |
| Respondents/Defendants. | |

Before the Court is Petitioner Ryan Alexander Simpson's Motion for Temporary Restraining Order ("TRO"). ECF No. 1.[1] The Court ruled on the motion in part on April 8, 2019, denying Petitioner's request to stay his pending deportation. ECF No. 8. The Court simultaneously deferred ruling on Petitioner's request for relief from his detention pending deportation, ordering that Respondents provide notice of Petitioner's deportation status and detention status. Id. Having reviewed the subsequent notices and briefs form the parties, for the reasons stated below, the Court denies the Motion.

**I.     PROCEDURAL BACKGROUND**

On April 5, 2019, Petitioner filed a writ of habeas corpus, asserting the following bases for relief: (1) violation of the Immigration and Nationality Act and its applicable regulations; (2) violation of the Due Process Clause as to Petitioner's removal from the United States; (3) violation

---

[1] Petitioner and his wife, Sami Huong Simpson's ("Sami Simpson"), simultaneously bring a civil suit. The Court addresses only Petitioner's petition for writ of habeas corpus herein.

of the Administrative Procedure Act as to Petitioner's removal from the United States; (4) violation of the Suspension Clause, Article I, § 9, Clause 2 of the federal constitution as to Petitioner's removal from the United States; (5) violation of the Immigration and Nationality Act and its applicable regulations as to Petitioner's detention; and (6) violation of the Due Process Clause as to Petitioner's detention. ECF No. 1. Petitioner originally sought a TRO that stayed his deportation until resolution of pending applications to adjust his immigration status and that released him from custody pending this action. Id. The Court previously denied the request for a stay of Petitioner's order of removal on April 8, 2019, finding that Petitioner failed to show any basis rendering the order of removal unlawful. ECF No. 8. Petitioner now seeks a TRO that releases him from custody and asks the Court to reconsider its denial of his request for a stay of his deportation. ECF No. 1; see also ECF Nos. 11, 19.

## II.  FACTUAL FINDINGS

The Court incorporates its factual findings from its April 8, 2019 Order and makes the following additional findings:

Petitioner has been detained subject to a final order of removal for over ninety days. He was initially detained for approximately eighty days in 2017. The order of removal was deferred, and Petitioner was released from custody. The deferral expired on October 11, 2018. After failing to attend a scheduled hearing regarding his pending application to adjust his immigration status on January 8, 2019, Petitioner was detained by ICE for the second time on February 11, 2019. Through counsel, Petitioner filed an application to stay his removal. The application was denied. He also sought to rescind the order of removal. The request was also denied. Petitioner was then scheduled for imminent deportation.

After the Court denied Petitioner's request to stay his deportation in its April 8, 2019 Order, Respondents noticed the Court that it attempted to remove Petitioner from the country by flight on April 9, 2019. Immigration and Customs Enforcement ("ICE") failed to transport Petitioner to the flight in time. ICE also noticed the Court of its intent to conduct a post-order custody review under 8 U.S.C. § 1231(a)(3) given that Petitioner had been detained for over ninety days under the

authority of the order of removal.  However, instead of conducting the review ICE instead served Petitioner with a Notice of Imminent Removal under the authority provided in 8 C.F.R. § 241.4(g)(4).  Given that Petitioner is now scheduled for imminent removal on April 24, 2019, ICE determined that the circumstances did not warrant release.

Petitioner has since filed, or intends to file, applications to adjust his status and for stateside waiver.

### III. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction.  <u>Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008).  To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction."  <u>Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.</u>, 758 F.3d 1069, 1071 (9th Cir. 2014), <u>as amended</u> (Mar. 11, 2014) (citing <u>Winter</u>, 555 U.S. 7, 20 (2008)).  A preliminary injunction may also issue under the "serious questions" test.  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-<u>Winter</u>).  According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other <u>Winter</u> elements.  <u>Id.</u> at 1134–35 (citation omitted).

### IV. DISCUSSION

The Court first declines to reconsider its denial of Petitioner's request to stay his deportation.  Petitioner's initial application to adjust status was denied.  Thus, while Petitioner has submitted additional applications to adjust his status, "a pending application for immigration status

does not entitle an alien to a stay of deportation." Armstrong v. Immigration & Naturalization Serv., 445 F.2d 1395, 1396 (9th Cir. 1971) (cited with approval by Mahroozadeh v. I.N.S., 15 F.3d 1087 n.1 (9th Cir. 1993)).

The Court now turns to Petitioner's request for relief from detention pending his removal. Under 8 C.F.R. § 241.4(g)(4), a post-custody review will not be conducted if the detained alien is notified that an order of removal is ready to be executed. Petitioner has been notified of his imminent removal, most recently on April 11, 2019. Petitioner therefore fails to show a likelihood of success on the merits of his claims; he has not demonstrated that his continued detention, given his imminent removal in conjunction with the Notice of Imminent Removal, violates the applicable rules and regulations.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Court DENIES Petitioner's Motion for Temporary Restraining Order (ECF No. 1).

**IT IS FURTHER ORDERED** that the Court DENIES as moot Respondents' Motion for Extension of Time (ECF No. 16).

**IT IS FURTHER ORDERED** that Respondents shall file a notice updating the Court on Petitioner's deportation status by Friday, April 26, 2019.

DATED this 23rd day of April, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**